IN RE WILL OF A. J. D. CROSS.

(Filed 4 April, 1917.)

**Wills—Undue Influence—Fraud.**

> Upon a trial *devisavit vel non,* the evidence upon an issue as to undue influence upon the testator must be of a fraudulent character to invalidate the will.

ISSUE of *devisavit vel non,* tried at December Term, 1916, of WAKE, before *Bond, J.,* upon the following issues:

1. Was the paper-writing propounded, signed, witnessed, and executed according to formalities required by law to make a valid last will and testament? Answer: "Yes."

2. Did the said A. J. D. Cross, at time said paper-writing was executed, have sufficient mental capacity to make a valid last will and testament? Answer: "Yes."

3. Was the execution of said paper-writing procured by undue influence over said deceased, as alleged? Answer: "No."

4. Is the paper-writing propounded the last will and testament of A. J. D. Cross, deceased? Answer: "Yes."

The court answered the fourth issue as legal inference from answers to 1, 2, and 3.

From the judgment rendered, the caveator, W. F. Cross, appealed.

*Percy J. Olive, J. C. Little, R. N. Simms for propounders, appellees.*
*H. E. Norris, Armistead Jones & Son, Douglass & Douglass for caveator, appellant.*

PER CURIAM. The paper-writing offered as the last will and testament of the testator, A. J. D. Cross, was proven with all the formalities required by law, and the court very properly permitted it to be offered in evidence and read to the jury.

The only assignments of error relate to the second and third issues. There are sixty-five assignments of error, forty-four of them relating to the evidence. Nearly all of them are briefly noticed in the brief of the learned counsel for the caveator. We have concluded that it is unnecessary to discuss them seriatim, and it would answer no good purpose. Suffice it to say that a careful examination discloses no substantial or reversible error.

The one prayer for instruction relates to the third issue, and was properly refused. The undue influence essential to invalidate this will must be of a fraudulent character, and we find no evidence sufficient to support that contention.

His Honor might well have so charged the jury. It is, therefore, unnecessary to consider the charge upon that issue. The exceptions to the charge upon the second issue relating to mental capacity are without merit. The learned judge clearly followed the well settled decisions of this Court in presenting that issue to the jury.

No error.