J. N. GREENE, M. H. GREENE AND MRS. SENATH McINTYRE v.
H. P. GREENE.

(Filed 8 June, 1940.)

1. **Deeds § 2a—Failure to submit issue of mental incapacity held not error upon the evidence in absence of tender of issue.**

The owner of lands, in order to divide his property among his children, deeded a share to each, reserving a life estate and the timber rights for a term of ten years after his death, with provision that the timber should be sold after his death and the proceeds divided equally among the children. This action was instituted by three of the children against a fourth child after the death of their father to compel the sale of the timber on the land deeded to defendant. Defendant alleged that the clause reserving the timber interest and providing for its sale was inserted in the deed through undue influence and also alleged mental incapacity of the grantor. *Held:* In the absence of any sufficient evidence of mental incapacity and the failure of defendant to tender an issue relating thereto, he may not complain that the court submitted but one issue, which related to undue influence, and *held further*, the evidence fully sustains the jury's negative finding on that issue.

2. **Trial § 37—**

Where the issue submitted is determinative of the controversy and embraces all real matters in dispute and enables the parties to present every material phase of the controversy, it is sufficient, and a party may not complain because a particular issue was not submitted when he has not tendered such issue.

3. **Deeds § 2c—Undue influence which will vitiate an instrument is a fraudulent influence.**

Undue influence which will vitiate a deed or a clause thereof is a fraudulent influence, and therefore an instruction that the burden is upon the party asserting undue influence to show that the clause attacked was inserted in the deed as a result of fraudulent acts and that the jury should answer the issue in the affirmative if they found by the greater weight of the evidence that the grantor was motivated by undue influence, and to answer the issue in the negative if the jury should not be so satisfied, *is held* without error when construed as a whole.

4. **Trial § 36—**

The charge of the court will be construed contextually as a whole.

**5. Parties § 9—**

In an action to compel a grantee to sell certain timber for distribution among the grantor's children in accordance with reservations and directions in the deed, the fact that all the children are not parties will not preclude recovery by the children instituting the action when defendant does not request the joinder of the others and raises no objection until after verdict.

**6. Deeds § 2c—**

The owner of lands deeded to each of his children a certain part thereof reserving the timber rights, with provision that after his death the timber be sold and the proceeds of sale be divided equally among his children in order to make an equal division of his property. Defendant attacked the timber reservation on the ground of undue influence. *Held:* The value of the timber was some evidence upon the issue, the probative force being for the jury.

APPEAL by defendant from *Sink, J.,* at November Term, 1939, of RICHMOND. No error.

B. B. Greene lived in Richmond County, N. C., and owned about 400 acres of land in said county, on which he resided. He had 7 children—three are plaintiffs in this action and one the defendant. Before he died he conveyed his land to his 7 children and reserved a life interest and the timber. He afterwards divided same and gave a portion to each of his 7 children, including plaintiffs and defendant. He had a survey and three of his neighbors to aid in laying off his land. At the time of said division the home place, including 30 acres, was set aside by said B. B. Greene for the use of and to go to his daughter, Senath Greene, now Senath McIntyre, one of the plaintiffs in this action, and the other six parcels were drawn by lot by his other 6 children, the defendant drawing Lot No. 7.

Lot No. 7 was deeded to defendant on 26 April, 1926, and contained 122.6 acres, with the following in it: "This deed is made by the grantor and accepted by the grantee with the understanding and upon the condition that it is to take the place of any and all interest which the said grantee has in and to the first tract of land described in a deed from the said B. B. Greene to Arthur Braxton Greene and others, dated March 1, 1907, and recorded in the office of the register of deeds for Richmond County, in Book XXX, at page 563. The grantor reserves unto himself during the term of his natural life all of the timber of every kind and description on said tract of land, and for a period of ten years after the death of said grantor, all of the timber of every kind and description now growing or hereafter grown on said land during said time, is to be sold by the said Hugh Pate Greene and the money equally divided between the children of the said B. B. Greene."

This is an action brought on 13 September, 1938, by plaintiffs to sell the timber set forth in the deed made to defendant by B. B. Greene, and to divide the proceeds of said sale. Plaintiffs made demand on defendant to sell same, but he refused to do so. He set up mental incapacity of B. B. Greene at the time of the execution of the deed and that the timber reservation was fraudulently inserted, that undue influence was used and the division was inequitable.

The issue submitted to the jury and their answer thereto, were as follows: "Was the execution reserving the timber rights for a period of 10 years, in the deed from B. B. Greene to Hugh Pate Greene, dated 26 April, 1926, and recorded in Book 194, at page 176, procured by the undue influence of the plaintiffs, or either of them? Answer: 'No.'"

The court below rendered judgment on the verdict. The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.

*Fred W. Bynum for plaintiff.*
*Jones & Jones for defendant.*

CLARKSON, J. This is an action brought by plaintiffs against defendant to have defendant sell certain timber. B. B. Greene owned about 400 acres of land in Richmond County, N. C., and had 7 children. He was growing old, and on 4 March, 1907 (recorded in Book XXX, at p. 563), conveyed the land to his children with a provision in the deed reserving a life estate and the timber on the land.

Thereafter B. B. Greene had the land surveyed and divided into seven parts by three appraisers, who were neighbors. After the surveying had been done, the lots were numbered on little pieces of paper. Senath Greene (now McIntyre) was allotted the "home place," and six pieces of paper with the numbers on them were put in a hat and drawn out by his children. B. B. Greene was to reserve the timber on certain tracts and this was to be sold after his death. He wanted every child to get an equal share. The defendant H. P. (Hugh Pate) Greene, drew Lot No. 7, which was for 122.6 acres, and a deed was made in lieu of what was heretofore deeded the children but undivided. The timber was reserved for a period of 10 years after the death of B. B. Greene, which was to be sold and the proceeds equally divided among his children.

The defendant charged that the ten-year timber provision was inserted by fraud and undue influence on the part of the plaintiffs. Mental incapacity of B. B. Greene was also pleaded.

The attorney who drew the deed testified, in part: "Mr. Greene showed me from the map the lots he wanted to go to each child, and he especially

said that he wanted the home place to go to his daughter. And then he told me how to fix the deeds about the timber and I wrote the deeds exactly in accordance with his instructions. In my opinion, he had a perfectly clear and lucid mind at that time, and in fact, at all times I ever saw him. In respect to two or three of the deeds carrying the provision about the timber for ten years after his death, he said he would have to do that to make the division equal in his opinion."

The defendant complains that only the single issue of undue influence was submitted to the jury. From the evidence, this was the only material issue raised by the pleadings. The defendant did not object to the issue and submitted no other issue, but in fact agreed upon the issue submitted.

It is well settled that the issue is sufficient if it enables the parties to present every material phase of the controversy. *Vaughan v. Parker*, 112 N. C., 100; *Ives v. Lumber Co.*, 147 N. C., 306.

In *Greene v. Bechtel*, 193 N. C., 94 (99-100), is the following: "If the defendant did not consider the issues submitted by the court proper or relevant, it was his duty to tender other issues, and having failed to do so, he cannot now complain. In *Gross v. McBrayer*, 159 N. C., at p. 374, citing numerous authorities, it is said: 'Plaintiff objected to these issues, but tendered no issues himself. It seems to us that the issues submitted by the court were those made by the pleadings, and if the plaintiff desired any other issue, he should have tendered it. When issues embrace the real matters in dispute and afford an opportunity for the parties to present and develop their contentions, and, when answered, are sufficient to determine the rights of the litigants and to support the judgment, they are sufficient within the requirement of the statute.' *Erskine v. Motor Co.*, 187 N. C., p. 826; *Hooper v. Trust Co.*, 190 N. C., 423." *Teseneer v. Mills Co.*, 209 N. C., 615.

In *Falkner v. Pilcher*, 137 N. C., 449 (450), we find: "It may be conceded as a general proposition that a party cannot complain because a particular issue was not submitted to the jury unless he tendered it, but the rule is subject to this qualification, that the issues submitted must in themselves be sufficient to dispose of the controversy and to enable the court to proceed to judgment, for in that respect the duty of the court to submit issues is mandatory. *Tucker v. Satterthwaite*, 120 N. C., 118; *Burton v. Mfg. Co.*, 132 N. C., 17."

There was no sufficient evidence to submit an issue to the jury that B. B. Greene did not have mental capacity to execute the deed he gave to defendant, nor was there sufficient evidence of fraud. The evidence of undue influence was circumstantial and not strong, and the jury was warranted in rendering the verdict they did on the evidence.

GREENE *v.* GREENE.

The defendant could read and write. The deed he accepted from his father was dated 26 April, 1926, with the timber reservation in it. He regularly paid the taxes on the land. The acreage was large compared with that deeded to the others—to make an equal share. So far as the record discloses he made no objection until this action was brought on 13 September, 1938. His father died on 28 June, 1929. All these years he acquiesced in the terms of the deed without objection. The court below charged, to which exception and assignment of error is made to that part in brackets: "[The court charges you that the burden of this particular issue rests upon him who pleads it, to wit: the defendant. Fraud is obnoxious to the law and it is seldom presumed. The burden is upon the defendant to satisfy you in the manner the court has described to you from all of the testimony and the evidence that you have heard in this case that this clause is the outgrowth of the fraudulent act or acts of the plaintiffs, one or more of them, or someone in their behalf, and it is incumbent upon him, as I say, to prove that. It is your duty to determine whether or not he has done so.] If, when you have analyzed all of the testimony and evidence—and the documentary matter being evidence—you shall be convinced by the greater weight of the evidence and testimony in the case, that Mr. B. B. Greene, in having prepared, or preparing, this clause in his deed before he signed it, was motivated by the undue influence of these plaintiffs, any of them, or any one of them, then it would be your duty to answer the issue 'Yes.' If, on the contrary, after you have so analyzed the testimony, considering it all, and the relationship of the parties, you shall fail to be satisfied by the greater weight of the evidence, then it would be your duty to answer that issue 'No.' "

Taking the charge as a whole, and not disconnectedly, we cannot say that it was prejudicial or reversible error.

It is said in *Marshall v. Flinn,* 49 N. C., 199 (204): "The only influence which the law condemns, and which destroys the validity of a will, is a fraudulent influence, controlling the mind of the testator, so as to induce him to make a will which he otherwise would not have made." *Myatt v. Myatt,* 149 N. C., 137 (140); *In re Abee's Will,* 146 N. C., 273; *In re Craven's Will,* 169 N. C., 561; *In re Mueller's Will,* 170 N. C., 28; *In re Cross' Will,* 173 N. C., 711; *In re Creecy's Will,* 190 N. C., 301.

We think the case of *Harrison v. Ray,* 108 N. C., 215, cited by defendant, not applicable to the facts in this action.

To be sure the plaintiffs only claim $\frac{3}{7}$ undivided interest in the timber, but the defendant did not request that the others interested be made parties to the action. He agreed to the issue, and we think after verdict it is too late for this contention to be made.

We think the court below did not impinge C. S., 564. We think the value of the timber some evidence—the probative force was for the jury. The admission and exclusion of evidence on the trial below we cannot hold as prejudicial to defendant. The case was not a complicated one and we think the contentions given and charge sufficient. As said in *Davis v. Long*, 189 N. C., 129 (137): "The case is not complicated as to the law or facts. The jurors are presumed to be men of 'good moral character and sufficient intelligence.' They could easily understand the law as applied to the facts."

For the reasons given, we find

No error.