DAVID GRANT WASHBURN AND NANCY LITTLE WASHBURN v. JAMES
VANDIVER, D/B/A VANDIVER AUTO SALES

No. 8826DC680

(Filed 16 May 1989)

1. **Unfair Competition § 1; Automobiles and Other Vehicles § 6.5 — tampering with odometer — unfair and deceptive trade practice — instructions proper — fraud sufficiently explained**

    In an action to recover damages for unfair and deceptive trade practices and for violations of state and federal odometer statutes in connection with the sale of a used truck, the trial court's instructions on the issues were proper, and the court gave a proper explanation of the fraud element.

2. **Automobiles and Other Vehicles § 6.5 — federal and state odometer statute violations — monetary award for each violation proper**

    The trial court did not err in awarding plaintiffs $1,500 for a federal odometer statute violation and $1,500 for a state odometer statute violation.

3. **Unfair Competition § 1; Automobiles and Other Vehicles § 6.5 — unfair trade practice — violation of odometer statute — assessment of damages for both — no double recovery**

    The assessment of damages on both plaintiffs' unfair trade practices claim and the odometer statute violations did not amount to a double recovery.

4. **Unfair Competition § 1 — damages trebled before set-off deducted**

    The trial court did not err in trebling the damages awarded on plaintiffs' unfair and deceptive trade practices claim before deducting the set-off amount stipulated by the parties as due and owing on defendant's counterclaim.

APPEAL by defendant from *Harris, Resa L., Judge.* Judgment entered 2 March 1988 in District Court, MECKLENBURG County. Heard in the Court of Appeals 25 January 1989.

Plaintiffs instituted this civil action to recover damages for unfair and deceptive trade practices in violation of G.S. sec. 75-1.1 and for violations of state and federal odometer statutes in connection with the sale of a used truck.

*Michael David Bland for plaintiff-appellees.*

*James J. Caldwell for defendant-appellant.*

JOHNSON, Judge.

In September 1985 defendant advertised the sale of a 1977 Ford Truck, "[g]ood looking, clean truck, low mileage" in the Metrolina Car Trader. Plaintiffs responded to the advertisement and went to defendant's used vehicle lot to see the truck on 7 September 1985. When they arrived defendant Vandiver was not present so they spoke with Willie Thompson, a friend of defendant's who used defendant's automobiles and other equipment in exchange for reciprocal favors. He gave them the truck's keys and allowed them to test drive it.

On that same evening defendant Vandiver telephoned plaintiffs about purchasing the truck. They scheduled a meeting for the following morning at the dealership. As arranged, the parties met and plaintiffs purchased the truck. Plaintiffs paid defendant $1,600.00 in cash and a check for $400.00. They also signed a note which required them to pay the $782.50 balance in eleven bi-weekly installments of $75.00 each, totalling $825.00.

During the same month that they purchased the truck plaintiffs discovered from the vehicle's previous owner that the odometer reading was incorrect, reflecting approximately 83,000 miles when the actual mileage was approximately 133,000 miles. When Mrs. Washburn went to defendant's lot to pick up tags for the vehicle, defendant explained to her that Mr. Willie Thompson had changed the truck's odometer. Defendant apologized and offered to refund the full amount plaintiffs had invested in the purchase price but refused to refund the $300.00 they had spent for new tires. Plaintiffs did not accept defendant's offer and subsequently filed this civil action on 29 January 1986. Defendant answered and asserted a counterclaim against plaintiffs for the balance of the purchase price due and owing on the vehicle.

The evidence introduced at trial was quite conflicting. Both defendant Vandiver and Mr. Thompson denied discussing the odometer reading with plaintiffs when they purchased the truck although plaintiffs testified that both told them that the mileage on the odometer was correct. Plaintiffs also testified that defendant Vandiver had them sign a blank odometer statement along with

several other blank documents when they purchased the vehicle because he needed to hurry. They further stated that defendant promised to complete the forms and to send copies to them. Defendant denied having plaintiffs sign any blank documents.

David Holsinger, the truck's previous owner, testified that during September 1985, the month plaintiffs purchased the vehicle, he met David Washburn. He noticed at that time that the mileage reflected on the odometer was incorrect. He shared this information with plaintiffs after telephoning defendant to inform him of the problem and to ask him to notify plaintiffs, which defendant failed to do. He further testified that when he first purchased the truck on 2 October 1984 the mileage was 117,370 although the odometer reading only showed 17,370 miles because the instrument would only register five digits. He also stated that he signed several documents at this time which defendant promised to complete later and to mail copies of them to Holsinger. Holsinger never received copies of any documents except the bill of sale which he received on the date of purchase. When he traded the truck back to defendant in August of 1985, a little less than one year later, the mileage was 133,000, and the odometer showed 33,000 miles.

During the trial, Holsinger was also asked to examine several of the documents which he had signed in blank when he purchased the truck. One of these forms was a title application which was dated 21 May 1985, although Holsinger had signed the form on 2 October 1984 when he purchased the truck. He also examined the certificate of title to the truck which was dated 10 September 1985, supposedly representing the date he traded the truck back to defendant, although plaintiffs purchased the truck on 8 September 1985. He stated that the odometer showed 33,000 miles, representing 133,000 miles, when he traded the vehicle although the certificate of title prepared on that date listed the mileage as 83,446 miles.

Defendant Vandiver testified that when he sold the truck to plaintiffs no discussion was had regarding the mileage; that in completing the mileage statement he relied upon the odometer reading; that he did not have plaintiffs sign any blank documents; and that when he learned from Mr. Holsinger about the problem with the odometer he began an investigation immediately and learned that Mr. Thompson, his friend, had replaced the speedometer and odometer mechanism when the speedometer failed while in his

possession. He further testified that he offered to rescind the sale and to pay plaintiffs their money back, but they did not respond.

Willie Thompson testified that while he was driving the truck on 2 August 1985 the speedometer malfunctioned. He explained that the arrangement he had with defendant required him to repair or replace any of defendant's equipment or automobiles which failed while in his possession or he would lose his privilege to use them. Pursuant to this agreement he purchased the new speedometer on 2 August 1985, replaced the defective one, and did not inform defendant until asked, which occurred after defendant was notified of the odometer mileage change by Holsinger.

The jury found in favor of the plaintiffs on all three issues submitted by the court but assessed damages for the violation of neither the state nor the federal odometer statute. The trial court trebled the damages awarded on the unfair trade practices claim and also ordered defendant to pay $1,500 for each of the odometer statute violations. Defendant gave notice of appeal after his motions for a judgment notwithstanding the verdict and for a new trial in the alternative were denied.

We have seven questions before us on review, four of which concern the jury instructions and shall be first considered.

Defendant first contends that the trial court erred in submitting the issues to the jury. We disagree. As a general rule

[t]he number, form, and phraseology of issues is in the court's discretion; and there is no abuse of discretion where the issues are 'sufficiently comprehensive to resolve all factual controversies and to enable the court to render judgment fully determining the cause.'

*Pinner v. Southern Bell*, 60 N.C. App. 257, 263, 298 S.E. 2d 749, 753 (1983), *citing, Chalmers v. Womack*, 269 N.C. 433, 435-36, 152 S.E. 2d 505, 507 (1967). Our scope of review is limited to determining whether the trial court committed an abuse of discretion, *White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985), and reversal is proper only where it is shown that the trial court's exercise of discretion was manifestly unsupported by reason. *Id.*

[1] Defendant specifically argues that the issues submitted failed to give the jury a proper explanation and importance of the fraud element; failed to charge that defendant's explanation for the odom-

eter change constituted a valid defense; and incorrectly indicated that having plaintiffs sign a blank odometer statement was a violation per se of the odometer statutes.

The issues submitted to the jury on both the state and federal odometer statutes are identical and are set forth below.

> Did the Defendant, James Vandiver, d/b/a Vandiver Auto Sales, *with intent to defraud*, do any one or more of the following in selling a 1977 Ford truck to Mr. and Mrs. David Washburn for $2,782.50?
>
> ANSWER: _____
>
> (a) Represent to Plaintiffs, David and Nancy Washburn, that the truck had only 83,446 miles, when in fact the Defendant knew or should have known the vehicle had much greater actual mileage?
>
> ANSWER: _____
>
> (b) Represent to Plaintiffs, David and Nancy Washburn, that the truck's odometer had not been altered, set back, or disconnected while in the Defendant's possession when in fact the odometer mileage was in fact changed?
>
> ANSWER: _____
>
> (c) Have the Plaintiffs sign [sic] a blank odometer statement on Sunday, September 8, 1985, and did not give them a completed copy of the document at the time of the sale?
>
> ANSWER: _____
>
> What are the Plaintiff's actual damages, if any?
>
> ANSWER: _____

Our review of these issues reveals no abuse of discretion by the trial court, as they were sufficiently comprehensive for the jury to resolve the factual controversies with which it was faced. *First Nat'l Bank of Catawba Co. v. Burwell*, 65 N.C. App. 590, 310 S.E. 2d 47 (1983). Further, insofar as this argument concerns the element of fraud and the trial court's explanation thereof, the following instructions were given:

> It is not necessary for the Plaintiffs to prove that they were actually defrauded or that they were the persons intend-

WASHBURN v. VANDIVER

[93 N.C. App. 657 (1989)]

ed to be defrauded, but in order for the Plaintiffs to recover in this claim, it is necessary for the Plaintiffs to prove that the Defendant intended to defraud someone. *To act with the intent to defraud means to act with a specific intent to deceive or cheat ordinarily for the purpose of bringing some financial gain to one's self.*

We find that this instruction is in keeping with the definition of the element and comports in all substantial respects with the instructions given in *Shreve v. Combs*, 54 N.C. App. 18, 282 S.E. 2d 568 (1981). *See also Roberson v. Williams*, 240 N.C. 696, 83 S.E. 2d 811 (1954) and 37 C.J.S. *Fraud* secs. 132-137 (1943). Moreover, defendant never requested a special written instruction more elaborately detailing the element of fraud, which he apparently desired, as required by G.S. sec. 1A-1, Rule 51(b). Therefore, we overrule this assignment of error.

Defendant next argues that the trial court erred in giving its instruction on the state odometer claim by stating initially that the defendant did not deny altering the odometer with the intent to defraud plaintiffs. The court later stated that defendant denies the plaintiffs' allegation. These instructions were conflicting and clearly erroneous, ordinarily requiring reversal. *State v. Overcash*, 226 N.C. 632, 39 S.E. 2d 810 (1946); *Cross v. Beckwith*, 16 N.C. App. 361, 192 S.E. 2d 64 (1972). However, we do not believe that reversal in the instant case is warranted. When we construe the charge contextually as a whole we conclude that the jury was not irreconcilably misled. *Lewis v. Barnhill*, 267 N.C. 457, 148 S.E. 2d 536 (1966). Had the trial court's erroneous statement been correct, then there would have been no need to have a trial on the issue and the only issue to resolve would have been the damages question. The mere fact that the issue of defendant's intent was before the jury indicated that the erroneous statement was invalid and its invalidity was recognized. We therefore conclude that the error was inadvertent, nonprejudicial, and does not necessitate reversal.

Defendant's Assignments of Error numbered three and five also basically challenge the court's instruction regarding the intent to defraud element of each claim. We have reviewed the complete jury charge and find that when it is considered in its entirety, no error exists. *Lewis, supra; Greene v. Greene*, 217 N.C. 649, 9 S.E. 2d 413 (1940).

We find defendant's next argument that the court should have awarded a new trial because the verdict was against the clear weight of the evidence meritless and without need for discussion.

[2] By Assignment of Error number six, defendant contends that it was error for the trial court to award plaintiffs $1,500 on each of the odometer statute violations. 15 U.S.C. sec. 1989 (1982) states that

(a) [a]ny person who, with intent to defraud, violates any requirement imposed under this subchapter [odometer requirements] shall be liable in an amount equal to the sum of

(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; . . .

G.S. sec. 20-348 conforms in all substantial respects with the portion of the federal statute quoted. In addition, G.S. sec. 20-340 provides that State remedies for violation of the statute "shall be in addition to remedies provided by the federal odometer law . . ."

Defendant challenges the court's statutorily authorized award on the grounds that the jury charge failed to include an issue addressing defendant's intent to defraud. Because we have previously treated this matter we do not feel it is necessary to belabor the point. Suffice it to say that the issues submitted included a question of defendant's intent and the court properly explained the meaning of an intent to defraud to the jury. The intent to defraud may be inferred from proof that the seller either recklessly disregarded indications that the odometer reading was incorrect or should have realized the reading was incorrect in the exercise of reasonable diligence. *McCracken v. Anderson Chevrolet-Olds, Inc.*, 82 N.C. App. 521, 346 S.E. 2d 683 (1986).

[3] Defendant also argues that the assessment of damages on both the unfair trade practices claim pursuant to G.S. sec. 75-1.1 and the odometer statute violations amounts to a double recovery. We must disagree. *Bernard v. Central Carolina Truck Sales*, 68 N.C. App. 228, 314 S.E. 2d 582, *disc. rev. denied*, 311 N.C. 751, 321 S.E. 2d 126 (1984) recognizes and addresses this potential problem. It states the following:

We do not believe, however, that the only available measure of damages is that for fraudulent inducement. As previously stated, an action for unfair or deceptive acts or practices is

a distinct action apart from fraud, breach of contract, or breach of warranty [or violation of state and federal odometer statutes]. Since the remedy was created partly because those remedies often were ineffective, it would be illogical to hold that only those methods of measuring damages could be used.

*Id.* at 232, 314 S.E. 2d at 585.

The evidence discloses that plaintiffs paid $2,000.00 for the vehicle, signed a note for an additional $782.50 and invested an additional $300.00 for tires less than one month after purchase. The jury concluded that they had been damaged in the amount of $1,300.00 pursuant to the unfair trade practices claim. The trial court then followed the mandate of G.S. sec. 75-16 and trebled this amount. *Atlantic Purchasers, Inc. v. Aircraft Sales, Inc.*, 705 F. 2d 712 (4th Cir. 1983); *Pinehurst, Inc. v. O'Leary Bros. Realty*, 79 N.C. App. 51, 338 S.E. 2d 918 (1986). The trial court then assessed $1,500.00 on each of the odometer statute violations as required by statute. *Duval v. Midwest Auto City, Inc.*, 578 F. 2d 721 (8th Cir. 1978); *Kirkland v. Cooper*, 438 F. Supp. 808 (D.S.C. 1977). Plaintiffs have been awarded no double recovery. This assignment of error is therefore overruled.

[4] Lastly, we disagree with defendant's argument that the amount awarded on defendant's counterclaim should have been deducted from the actual damages assessed on the unfair trade practices claim before the damages were trebled. In *Seafare Corp. v. Trenor Corp.*, 88 N.C. App. 404, 363 S.E. 2d 643 (1988), this Court decided that the trial court erroneously credited an amount received by plaintiff from codefendants before trebling the damages which were actually awarded. The Court held that because of the remedial and punitive nature of G.S. sec. 75-16, *Marshall v. Miller*, 302 N.C. 539, 276 S.E. 2d 397 (1981), and the legislative intent upon which the statute was based, the trial court erred by deducting the $137,000 received by plaintiff in settlement before trebling the $400,000 award. Guided by this well-defined principle, we conclude that the trial court committed no error by trebling the damages awarded before deducting the set-off amount of $782.50 stipulated by the parties as due and owing on defendant's counterclaim.

It is for the foregoing reasons that in the trial of defendant's case, we find

No error.

Judges WELLS and BECTON concur.