SCHON v. BEEKER

[94 N.C. App. 738 (1989)]

CHARLES P. SCHON, Plaintiff v. MARVIN BOYD BEEKER, Defendant

No. 8815DC1241

(Filed 1 August 1989)

**1. Automobiles and Other Vehicles § 6.5 — sale of automobile — false odometer reading — 12(b)(6) dismissal denied**

The trial court did not err by denying defendant's motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) in an action to recover monetary damages suffered in the purchase of an automobile due to an allegedly falsified odometer reading. Plaintiff alleged essentially that he suffered damages because defendant intentionally falsified the odometer reading, but recovery pursuant to N.C.G.S. § 20-347 and N.C.G.S. § 20-348 imposes no requirement of alleging each element of fraud. Plaintiff alleged sufficient facts in his complaint to give notice of the circumstances upon which his claim was based so that defendant could recognize the event and prepare for trial and plaintiff alleged sufficient facts to establish an intent to defraud by defendant.

**2. Automobiles and Other Vehicles § 6.5 — sale of automobile — false odometer reading — instructions**

In an action to recover monetary damages due to an allegedly falsified odometer reading, the trial court did not err by instructing on recovery pursuant to N.C.G.S. § 20-347 and N.C.G.S. § 20-348 even though those statutes were not specifically alleged where defendant did not object to the court's charge and plaintiff's allegations sufficiently established a cause of action based upon those statutes; it is not absolutely necessary for plaintiff to include in his complaint the statutory number upon which he bases his claim.

**3. Automobiles and Other Vehicles § 6.5 — sale of automobile — false odometer reading — instructions**

The trial court did not err in its instructions on fraudulent intent in an action for monetary damages in the purchase of an automobile based on an allegedly falsified odometer statement.

APPEAL by defendant from *Washburn, J. Kent, Judge.* Judgment entered 24 March 1988 in District Court, ALAMANCE County. Heard in the Court of Appeals 16 May 1989.

SCHON v. BEEKER

[94 N.C. App. 738 (1989)]

Plaintiff instituted this action to recover monetary damages he suffered in the purchase of an automobile, due to defendant's failure to comply with G.S. sec. 20-347. Defendant failed to disclose the true odometer reading or to issue a statement that the vehicle's mileage was unknown to him as required by statute.

*Moseley & Whited, P.A., by W. Phillip Moseley, for plaintiff-appellee.*

*William C. Ray for defendant-appellant.*

JOHNSON, Judge.

On or about 11 March 1987, defendant, as a private individual, advertised for sale a 1969 Cadillac having low mileage. The vehicle's odometer showed 55,000 miles although the actual mileage was much greater. The odometer was unable to accommodate in excess of five digits. Plaintiff later discovered during his investigation after purchasing the vehicle, that the vehicle had 58,114 miles when *defendant* purchased the vehicle on or about 9 May 1979, nearly eight years earlier.

When the parties were negotiating the purchase and sale of the vehicle, defendant informed plaintiff that the odometer showed 55,000 miles. When the parties were having the certificate of title notarized, defendant asked plaintiff whether he wanted 155,000 or 55,000 miles placed on the title. Plaintiff responded as follows: "Well, 55,000 miles; that is what it is, isn't it?" Defendant then wrote 55,000 as the correct mileage.

After purchasing the vehicle, plaintiff expended $585.00 in order to meet State inspection standards. The automobile then experienced several other mechanical difficulties including an electrical short, emergency brake system failure, muffler failure, and right window motor failure. Plaintiff then commenced an investigation of title and discovered the vehicle's true mileage. He then filed suit against defendant.

At trial, the jury determined that defendant violated a requirement imposed by the Vehicle Mileage Act and awarded plaintiff $1,500.00 in damages, the purchase price. The trial court then considered defendant's motion for remittitur and reduced the award to $700.00. Defendant argued in his motion that because the vehicle's maximum value was $800.00 when plaintiff purchased it, and not $1,500.00, the sale price, due to the difference between the

actual mileage and the mileage stated on the certificate of title, the jury's award should be reduced.

Plaintiff did not oppose defendant's motion and consented to the remittitur. As mandated by G.S. sec. 20-348, the court trebled the $700.00 award and awarded a reasonable attorney's fee to plaintiff. From this judgment defendant appeals.

In the interest of clarity, we have grouped defendant's six questions for review into two categories. We find questions two, three, and four, which comprise category one, meritless and without need for discussion.

**[1]** By category two, defendant's questions one, five and six, defendant first argues that the court erred in failing to allow his motion to dismiss pursuant to G.S. sec. 1A-1, Rule 12(b)(6) because plaintiff failed to adequately allege the elements of fraud. He then argues in questions five and six that the court erred in its instructions on fraudulent intent and also erred by failing to define each element of fraud. We find no error.

We note at the outset a similarity in all substantial respects between the facts in the case *sub judice* and those in *Washburn v. Vandiver*, 93 N.C. App. 657, --- S.E. 2d --- (1989). Plaintiffs instituted that cause of action to recover damages for unfair and deceptive trade practices and for violations of state and federal odometer statutes in connection with the sale of a used truck. Defendant represented to plaintiffs that the vehicle's mileage was 83,446 miles when the truck's actual mileage was 133,000.

Plaintiff's complaint in the case *sub judice* alleges a cause of action based upon a violation of G.S. sec. 20-347 which states the following, in pertinent part:

(a) In connection with the transfer of a motor vehicle, the transferor shall deliver to the transferee, prior to execution of any transfer of ownership document, a single written statement which contains the following:

  (1) The odometer reading at the time of the transfer;

  (2) The date of the transfer;

  (3) The transferor's name and current address;

  (4) The identity of the vehicle, including its make, model, body type, its vehicle identification number, and the license plate number most recently used on the vehicle;

SCHON v. BEEKER

[94 N.C. App. 738 (1989)]

(5) A statement that the mileage is unknown if the transferor knows the odometer reading differs from the number of miles the vehicle has actually traveled, and that the difference is greater than that caused by odometer calibration error;

(6) A statement describing each known alteration of the odometer reading, including date, person making the alteration, and approximate number of miles removed by the alteration; and

(7) Disclosure of excess mileage when vehicle is known to have exceeded 100,000 miles and the odometer records only five whole-mile digits.

The private right of action for the violation of this disclosure requirement statute is authorized by G.S. sec. 20-348(a) which states:

(a) Any person who, with intent to defraud, violates any requirement imposed under this Article shall be liable in an amount equal to the sum of:

(1) Three times the amount of actual damages sustained or one thousand five hundred dollars ($1,500), whichever is the greater; and

(2) In the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

In his complaint, plaintiff essentially alleged that because defendant intentionally falsified the odometer reading on the vehicle which he purchased, he suffered damages as a result. We have examined the complaint in its entirety and find that the allegations were sufficient to state a claim based upon a violation of G.S. sec. 20-347 and G.S. sec. 20-348.

Plaintiff alleged sufficient facts in his complaint to (1) give notice of the circumstances upon which his claim was based to enable the defendant to recognize the event and prepare for trial and (2) to establish the substantive elements of a recognized legal claim. *Hewes v. Johnston*, 61 N.C. App. 603, 301 S.E. 2d 120 (1983).

Defendant's argument that plaintiff's claim should fail because he did not adequately allege each element of fraud is meritless. Recovery pursuant to G.S. secs. 20-347 and 348 imposes no such re-

quirement. Plaintiff must show that defendant's failure to comply with the disclosure requirements was more than a technical failure. The noncompliance must have been induced by an intent to defraud. *Washburn, supra; McCracken v. Anderson Chevrolet-Olds, Inc.*, 82 N.C. App. 521, 346 S.E. 2d 683 (1986); *American Imports, Inc. v. Credit Union*, 37 N.C. App. 121, 245 S.E. 2d 798 (1978).

In the case *sub judice* plaintiff alleged sufficient facts in his complaint to establish an intent to defraud by defendant as follows:

> That said warranties of the Defendant were patently false, as follows:
>
> a. The vehicle had four previous owners prior to the Defendant Beeker.
>
> b. The vehicle had 58,114 miles on the odometer when the Defendant purchased said vehicle from Grace Dudleck Shepherd on or about May 9, 1979.
>
> c. The vehicle was in very poor running condition and in fact had numerous latent defects which were well known to the Defendant but hidden from the Plaintiff.
>
> 5.
>
> The intentional falsification of the odometer reading by the Defendant justifies the Plaintiff in recovering treble damages from the Defendant.

The trial court therefore properly denied defendant's motion to dismiss pursuant to G.S. sec. 1A-1, Rule 12(b)(6).

[2] Defendant next argues that the court committed error by instructing on a theory not alleged in the complaint, recovery pursuant to G.S. secs. 20-347 and 348. He also argues that even assuming the court was correct in instructing on the theory of the aforementioned statutes, the charge taken as a whole left the jury with the incorrect impression that they could infer an intent to defraud based upon mere inadvertence by the defendant. We disagree on both counts.

First, we note that defendant entered no objection to the court's charge based upon the failure of the instructions to conform to the pleadings. Where one fails to object to the court's instructions on an issue, it is presumed that the instructions conform to the issues submitted and are without legal error. *Dailey v. Integon Ins. Corp.*, 75 N.C. App. 387, 331 S.E. 2d 148 (1985).

Second, we are convinced that plaintiff's allegations sufficiently establish a cause of action based upon G.S. secs. 20-347 and 348. It is not absolutely necessary for plaintiff to include in his complaint the statute number upon which he bases his claim. *Thorpe v. Brewer,* 7 N.C. App. 432, 172 S.E. 2d 919 (1970).

[3] Insofar as this argument concerns the court's instructions on fraudulent intent, we again find no error. The jury was instructed as follows:

> If you have found that the defendant had actual knowledge of odometer error which he failed to disclose at the time of the sale, then you may reasonably infer that the violation was committed with the intent to defraud the plaintiff . . . [If] the plaintiff has not satisfied you that the defendant had actual knowledge that the odometer was wrong, then you can infer an intent of the defendant to defraud the plaintiff only if you find the defendant's lack of knowledge was due to reckless disregard for the truth or to willfully shutting his eyes on the facts or to gross negligence in his failure to learn the actual mileage.

These instructions comport in all substantial respects with those given in *Washburn* and *McCracken, supra.*

In *McCracken,* the Court states the following:

> [The] courts of this State do not require *actual* knowledge to prove 'intent to defraud.' (Citation omitted.) . . . The plaintiff need only present evidence that the transferor's actions toward determining true mileage were grossly negligent or that the transferor recklessly disregarded indications that the odometer was inaccurate.

*McCracken* at 526, 346 S.E. 2d at 687.

The reasonableness instruction given in the case *sub judice* applies to the evidence of constructive knowledge which indicates recklessness or gross negligence rather than ordinary negligence, which would not support the cause of action in question. *Id.* We therefore find no error in the trial court's instruction.

It is for the aforementioned reasons that in the trial of defendant's case we find

No error.

Judges COZORT and GREENE concur.