IRENE BRITT, Plaintiff/Appellee v. THOMAS L. JONES, SR., Defendant/Appellant

No. COA95-1082

(Filed 2 July 1996)

**1. Interest and Usury §§ 13, 20 (NCI4th)— usury paid for two years prior to action—sufficiency of evidence**

The trial court correctly concluded as a matter of law that plaintiff paid defendant $1,700 in usurious interest during the two years preceding filing of the claim, and plaintiff was entitled to have the $1,700 doubled pursuant to N.C.G.S. § 24-2 where there was no way to determine from the scant records kept by defendant what amount of interest accrued or was paid, and the trial court properly relied on the calculations of plaintiff's expert financial consultant whose method was consistent with the long-standing method of calculating interest to principal.

**Am Jur 2d, Interest and Usury §§ 166-237, 314-338.**

**Usury in connection with loan calling for variable interest rate. 18 ALR4th 1068.**

BRITT v. JONES

[123 N.C. App. 108 (1996)]

2. **Interest and Usury § 20 (NCI4th); Unfair Competition or Trade Practices § 48 (NCI4th)— usury—unfair or deceptive practices—damages for both—no double award**

The trial court properly awarded plaintiff damages for both usury and unfair or deceptive practices, and such awards did not give plaintiff a double recovery, since plaintiff's claim for unfair or deceptive practices was not based solely on defendant's usurious conduct but was instead based on defendant's alteration of the original interest rates on the promissory notes, his failure to state terms on any of the notes, his charging of different interest rates from those stated in the notes, and his refusal of plaintiff's offer to settle for a reasonable amount; furthermore, awarding damages under the usury statute alone would not have fully compensated plaintiff.

**Am Jur 2d, Interest and Usury §§ 314-338.**

3. **Unfair Competition or Trade Practices § 51 (NCI4th)— unfair or deceptive practices—plaintiff represented by publicly funded agency—award of full attorney's fees proper**

The trial court did not err in awarding plaintiff the entire amount of her requested attorney's fees pursuant to N.C.G.S. § 75-16.1 for unfair or deceptive practices where the court made adequate findings to support its conclusions that defendant willfully charged usurious rates of interest and made an unwarranted refusal to settle; furthermore, the fact that plaintiff's counsel was a salaried employee of Legal Services of the Coastal Plains during a portion of the pendency of this action did not require an award of less than all her attorney's fees, since they should all be borne by defendant, regardless of their ultimate distribution.

**Am Jur 2d, Consumer and Borrower Protection §§ 302 et seq.; Monopolies, Restraints of Trade and Unfair Trade Practices § 735.**

**Award of attorneys' fees in actions under state deceptive trade practice and consumer protection acts. 35 ALR4th 12.**

Appeal by defendant from judgment entered out of court and out of session 9 January 1995 by Judge Cy A. Grant in Hertford County Superior Court. Heard in the Court of Appeals 22 May 1996.

**BRITT v. JONES**

[123 N.C. App. 108 (1996)]

*Katherine S. Parker-Lowe for plaintiff-appellee.*

*Allen W. Powell for defendant-appellant.*

WALKER, Judge.

In March 1993, plaintiff sued defendant alleging usury and unfair trade practices in connection with loans made by defendant to plaintiff in 1980 and 1981. Defendant denied all material allegations of plaintiff's complaint. Following initial discovery, plaintiff moved for partial summary judgment and a hearing was held. The court found that plaintiff was entitled to judgment as a matter of law on the issue of defendant's liability for willfully charging usurious interest on one of the loans and for unfair trade practices. The court reserved the issue of damages for trial.

Plaintiff then moved for summary judgment on the issue of damages, which motion the court denied. Following a bench trial on that issue, the court awarded plaintiff $1,700 in damages for usury, doubled to $3,400 pursuant to N.C. Gen. Stat. § 24-2; $2,900 in damages for unfair trade practices, trebled to $8,700 pursuant to N.C. Gen. Stat. § 75-16; and attorney's fees of $4,100. Specifically, the court found that the interest rates stated in the promissory notes accompanying the loans, which ranged from fifteen to twenty percent, were not the actual rates charged by defendant. The court determined that plaintiff was actually paying rates of interest ranging from forty-three to sixty-one percent on the loans. The court found that each of the payments made by plaintiff extinguished only a portion of the interest which had accumulated from the date of the prior payment. The court concluded that during the two years preceding the filing of the lawsuit, plaintiff had paid defendant $1,700 in usurious interest.

[1] In his first assignment of error, defendant claims that the trial court incorrectly determined the amount of damages due to plaintiff under the usury statute "in that the trial court found that there were four promissory notes executed by plaintiff in favor of defendant but allocated all payments made by the plaintiff towards only the payment of three of the promissory notes." Defendant contends that had the court correctly distributed plaintiff's payments among all four of the promissory notes, it would have found that not all of the $1,700 paid by plaintiff to defendant in the two years preceding the lawsuit was usurious interest.

BRITT v. JONES

[123 N.C. App. 108 (1996)]

During the proceedings, plaintiff acknowledged executing three promissory notes in defendant's favor but disclaimed knowledge of a fourth note. The trial court found as a fact that there were four promissory notes executed by plaintiff in favor of defendant, and plaintiff does not appeal from that finding. Defendant's argument is nonetheless unavailing.

As both parties concede, defendant kept no record of how he allocated the payments made by plaintiff among the four loans nor is there any documentation of how defendant distributed the payments as between interest and principal. Put simply, there is no way to determine from the scant records kept by defendant what amount of interest accrued or was paid on the August 1981 note which the court found was usurious. This being the case, the trial court properly relied on the calculations of plaintiff's expert financial consultant to resolve this issue.

In accordance with the testimony of plaintiff's expert, the court found

[t]hat interest is calculated upon the principal, from the time it commences to the day of the first payment; if the payment is equal and no more than equal to the interest then due, it must extinguish the interest; if it exceeds the interest, the balance, after extinguishing the interest, must be deducted from the principal; if the payment is less than the interest, then the balance of interest must remain until the next payment. Interest must then be calculated upon the principal remaining, to the time of the next payment, which next payment must be applied in the first place to the whole of the interest then due and so on.

The record shows that the method used by plaintiff's expert was consistent with the long-standing method of calculating interest to principal. *See Bunn v. Moore*, 2 N.C. 279, 279-80 (1796). Plaintiff's expert applied payments to the four loans in chronological order, which the court found to be proper. Defendant submitted no evidence to support the assertion that the payments on the notes should have been applied differently.

Because none of the promissory notes stated a term, plaintiff's expert estimated the terms beginning at five years and increasing until he arrived at the payment amounts stated in the notes. The results of his calculations indicated that the notes would never pay out. Defendant attempted to rebut this evidence by introducing his

own amortization schedules which showed that three of the loans would have paid out in 1987 "had plaintiff been consistent in her payments." However, because defendant performed his calculations using interest rates of between eight and ten percent, instead of the much higher actual rates, the trial court properly rejected defendant's figures.

Based on all of the evidence presented, the court found that "each of the payments made by plaintiff extinguished only a portion of the interest which had accumulated from the date of the prior payment." This finding was supported by competent evidence and is binding upon this Court. *Vance Construction Co. v. Duane White Land Corp.*, 120 N.C. App. 401, 405, 462 S.E.2d 814, 816 (1995) (where trial court sitting without a jury makes findings, standard for appellate review is whether findings are supported by any competent evidence).

N.C. Gen. Stat. § 1-53 (1983) limits a plaintiff's recovery for usury to the amount of usurious interest paid during the two years preceding the filing of the claim. The court found that in the two years preceding this action, plaintiff paid defendant $1,700. This fact was not disputed by defendant. We hold the court correctly concluded as a matter of law that plaintiff paid defendant $1,700 in usurious interest, and plaintiff was entitled to have the $1,700 doubled pursuant to N.C. Gen. Stat. § 24-2 (1991).

[2] In his second assignment of error, defendant asserts that the trial court erred by awarding plaintiff damages for both usurious interest and unfair trade practices, thus giving plaintiff a "double recovery." In support of this claim, defendant cites *Marshall v. Miller*, 47 N.C. App. 530, 542, 268 S.E.2d 97, 103 (1980), *modified and affirmed*, 302 N.C. 539, 276 S.E.2d 397 (1981), in which this Court held that where the same course of conduct gives rise to a traditionally recognized action such as breach of contract as well as a cause of action for unfair trade practices, damages may be recovered for either breach of contract or unfair trade practices, but not both.

While defendant has correctly cited the rule in *Marshall*, that rule is not controlling here, since plaintiff's claim for unfair trade practices was not based solely on defendant's usurious conduct. As grounds for upholding plaintiff's unfair trade practices claim, the trial court found that in addition to willfully charging usurious interest, defendant altered the original interest rates on the promissory notes; that he failed to state terms on any of the notes; that the interest rates disclosed on the notes were not the actual rates charged; and that

defendant willfully refused plaintiff's offer to settle for a reasonable amount.

The instant case is instead controlled by *Washburn v. Vandiver*, 93 N.C. App. 657, 664, 379 S.E.2d 65, 69 (1989), where this Court held that recovery under both the North Carolina odometer disclosure statute and the unfair trade practices statute did not amount to a double recovery. The *Washburn* court stated that an action for unfair trade practices "is a distinct action apart from fraud, breach of contract, or breach of warranty" and that the remedy of unfair trade practices was created "partly because those remedies often were ineffective." *Id.* at 664, 379 S.E.2d at 69 (citation omitted). In the case at bar, it is apparent that awarding damages under the usury statute alone would not have fully compensated plaintiff. This is especially true because, although defendant's conduct giving rise to the lawsuit stretched over some ten years, recovery under the usury statute is limited to the two-year period immediately preceding the filing of the suit. N.C. Gen. Stat. § 1-53 (1983). We hold that under *Washburn*, the trial court properly awarded plaintiff damages for both usury and unfair trade practices.

The unfair trade practices statute limits the recovery of damages to four years preceding institution of suit and permits trebling of those damages. N.C. Gen. Stat. § 75-16.2 (1994); N.C. Gen. Stat. § 75-16 (1994). The trial court found that plaintiff had sustained actual damages of $2,900 based on defendant's unfair trade practices, which finding was supported by competent evidence. The court properly concluded that plaintiff was entitled to treble that amount, or $8,700. Plaintiff has not received a double recovery.

[3] In his third assignment, defendant argues that the court erred in awarding plaintiff attorney's fees under N.C. Gen. Stat. § 75-16.1. That statute entitles a prevailing party to attorney's fees upon specific findings that the defendant willfully engaged in the unfair or deceptive practice, that there was an unwarranted refusal to settle, and that the amount of the attorney's fees was reasonable. N.C. Gen. Stat. § 75-16.1 (1994); *Barbee v. Atlantic Marine Sales & Service*, 115 N.C. App. 641, 648, 446 S.E.2d 117, 121, *review denied*, 337 N.C. 689, 448 S.E.2d 516 (1994). Here, the court made adequate findings to support its conclusions that defendant willfully charged usurious rates of interest and that defendant's pre-trial rejection of plaintiff's offer to settle for $3,400 and reasonable attorney's fees constituted an unwarranted refusal to settle.

Defendant claims that even if attorney's fees are appropriate in this case, the court erred in awarding plaintiff all of her attorney's fees because plaintiff's counsel was a salaried employee of Legal Services of the Coastal Plains during a portion of the pendency of this action. This Court has previously approved the award of attorney's fees where one or both parties were represented by publicly funded agencies. *Williams v. N.C. Dept. of Correction*, 120 N.C. App. 356, 360, 462 S.E.2d 545, 547 (1995); *Tay v. Flaherty*, 100 N.C. App. 51, 57, 394 S.E.2d 217, 220, *review denied*, 327 N.C. 643, 399 S.E.2d 132 (1990). Moreover, in the case at bar, counsel for plaintiff represented to the court that she negotiated a contract with Legal Services of the Coastal Plains for the continued representation of plaintiff upon her departure to private practice. As part of counsel's compensation for agreeing to continue to handle plaintiff's case, Legal Services of the Coastal Plains assigned to plaintiff's counsel its interest in any attorney's fees recovered. Defendant did not challenge this representation. Finally, we note that the statutory policy underlying the award of attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 is to facilitate private enforcement of Chapter 75. *Winston Realty Co. v. G.H.G., Inc.*, 314 N.C. 90, 95, 331 S.E.2d 677, 680 (1985). This policy justifies shifting plaintiff's attorney's fees to defendant regardless of how they may ultimately be distributed. We conclude the trial court did not err in awarding plaintiff the entire amount of her requested attorney's fees.

Affirmed.

Judges GREENE and MARTIN, JOHN C. concur.