DAVID JOHNATHON TURNER v. SAMUEL HATCHETT AND THOMAS EDWARD NEWBY, SR.

No. 9117SC3

(Filed 5 November 1991)

**Judgments § 2 (NCI3d) — judgment out of session — lack of consent of parties**

The trial court lacked subject matter jurisdiction to enter an order imposing Rule 11 sanctions against plaintiff's attorney by signing the order ten weeks after the close of the session at which the motion for sanctions was heard where there is nothing in the record to indicate that the trial court announced its ruling on the motion in open court or at any time during the session or that the parties consented to entry of the order out of session.

**Am Jur 2d, Judgments § 160.**

APPEAL by plaintiff from order signed 28 September 1990 by *W. Douglas Albright*. Heard in the Court of Appeals 7 October 1991.

This is a civil action in which the defendant-appellees (defendants) sought and recovered Rule 11 sanctions against the plaintiff's attorney, Franklin Smith. Because a decision of the facts of the underlying dispute or the conduct which prompted the trial judge to impose sanctions is not essential to the disposition of this appeal, we do not address them.

On 16 July 1990 Judge Douglas Albright heard defendant's motion for Rule 11 sanctions against Mr. Smith. On 28 September 1990 Judge Albright signed an order imposing Rule 11 sanctions against Mr. Smith in the amount of $2,996.95.

Plaintiff appeals.

*Franklin Smith and John E. Hall for plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice, by Dewey W. Wells and Nancy R. Hatch, for defendant-appellees.*

EAGLES, Judge.

During oral argument on appeal Mr. Smith's counsel raised the question of lack of jurisdiction and argued that the trial court's order should be vacated because the trial court lacked subject matter jurisdiction. After careful review of the record, we agree.

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall dismiss* the action." N.C.R. Civ. P. 12(h)(3) (emphasis added). "And objection to such jurisdiction may be made *at any time* during the progress of the action." *Baker v. Varser*, 239 N.C. 180, 185, 79 S.E.2d 757, 761 (1953) (emphasis added).

In *State v. Boone*, 310 N.C. 284, 311 S.E.2d 552 (1984), our Supreme Court stated:

The general rule concerning judgments and orders is as follows:

"[J]udgments and orders substantially affecting the rights of parties to a cause pending in the Superior Court at a term must be made in the county and at the term when and where the question is presented, and our decisions on the subject are to the effect that, except by agreement of the parties or by reason of some express provision of law, they cannot be entered otherwise, and assuredly not in another district and without notice to the parties interested."

*State v. Humphrey*, 186 N.C. 533, 535, 120 S.E. 85, 87 (1923). In prior and subsequent cases, this rule has been stated in various forms, and it has been consistently applied in both criminal and civil cases. *See State v. Saults*, 299 N.C. 319, 261 S.E.2d 839 (1980); *Baker v. Varser*, 239 N.C. 180, 79 S.E.2d 757 (1954); *State v. Alphin*, 81 N.C. 566 (1879). We still adhere to this rule today.

*Boone*, 310 N.C. at 287, 311 S.E.2d at 555.

TURNER v. HATCHETT

[104 N.C. App. 487 (1991)]

"[W]e note *ex mero motu* that we may take judicial notice of the assignments of trial judges to hold court, of the counties that make up a certain district and of the resident district of a superior court judge." *State v. Saults*, 299 N.C. 319, 324, 261 S.E.2d 839, 842 (1980) (citing *Baker v. Varser*, 239 N.C. 180, 79 S.E.2d 757 (1954)). Accordingly, we take judicial notice of the following: During July 1990 Judge Albright was assigned to District 17B and was assigned to hold a civil session in Surry County Superior Court. The session was scheduled to begin on 16 July 1990 and to last two weeks. Surry County lies within District 17B. During September 1990 Judge Albright was assigned to District 17B and was assigned to hold a one week criminal session in Stokes County Superior Court beginning 24 September 1990. Stokes County lies within District 17B.

Judge Albright held the Rule 11 sanction hearing in Surry County on 16 July 1990. At that hearing Judge Albright heard arguments of counsel, received exhibits and requested counsel for both parties to submit proposed orders to the Court within thirty days. Both parties submitted proposed orders. Judge Albright later entered his order on 28 September 1990. This order, which was signed ten weeks after the Surry County civil session had ended, was issued out of session. The order does not contain any recital or other evidence of a stipulation of the parties that the order could be signed out of session. The issues here are whether, without consent of the parties, the trial court had jurisdiction to enter the written order and if not, whether the trial court entered the order out of session with the consent of the parties.

We are aware of the case law that allows written orders to be entered out of session in those situations where the trial court made an oral ruling in open court and in session. *See e.g., State v. Smith*, 320 N.C. 404, 415-416, 358 S.E.2d 329, 335 (1987); *State v. Horner*, 310 N.C. 274, 279, 311 S.E.2d 281, 285 (1984); and *State v. Richardson*, 295 N.C. 309, 245 S.E.2d 754 (1978). However, in the instant case, there is nothing in the record before us to support a finding that the trial court announced his ruling on the motion in open court or at any time during the session. Similarly, there is nothing of record indicating that the trial court made its decision before the session had ended. From the record before us, the critical decision here, the ruling of the court contained in the order granting the Rule 11 sanctions, was not made until

after the session had ended. The determinative factor here is whether the order was entered out of session with the consent of the parties.

Defendants argue that Mr. Smith gave implied consent to the trial court's subject matter jurisdiction by submitting a proposed order and cover letter to Judge Albright on 24 August 1990. We disagree. The letter and order were made in compliance with a direct request of the superior court judge and was not the product of a waiver or consent by the attorney. Upon careful review we conclude that there is nothing in the record before us which indicates that the parties consented to having the order entered out of session. (We note in passing that the 28 September 1990 order did not indicate on its face in what county or district the order was actually signed or whether the parties consented to the order being issued out of session. The better practice is for a proposed order or judgment to indicate on its face when it was signed, where it was signed and whether the parties have stipulated to the order or judgment being signed out of session.)

Because the order here was entered out of session without the parties' consent, the order is null and void, *Saults*, 299 N.C. at 325, 261 S.E.2d at 842, and must be vacated.

Vacated.

Chief Judge HEDRICK and Judge GREENE concur.