DEEP RIVER CITIZENS COALITION, SCOTT LINEBERRY AND GUY SMALL, PETITIONERS-APPELLEES v. NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES, THE NORTH CAROLINA ENVIRONMENTAL MANAGEMENT COMMISSION, RESPONDENT-APPELLANTS, AND PIEDMONT TRIAD REGIONAL WATER AUTHORITY, INTERVENOR-RESPONDENT-APPELLANT

No. COA94-873

(Filed 6 June 1995)

**Administrative Law and Procedure § 52 (NCI4th)— judicial review prior to administrative hearing—error**

The superior court is without jurisdiction to conduct a judicial review of an agency decision sought by an aggrieved party, pursuant to N.C.G.S. § 150B-43, who has not first had the administrative hearing to which he is entitled.

**Am Jur 2d, Administrative Law §§ 595 et seq.**

Appeal by respondents and intervenor-respondent from order entered 12 May 1994 in Wake County Superior Court by Judge Dexter Brooks. Heard in the Court of Appeals 9 May 1995.

DEEP RIVER CITIZENS COALITION v. N.C. DEPT. OF E.H.N.R.

[119 N.C. App. 232 (1995)]

*John D. Runkle for petitioner-appellees.*

*Attorney General Michael F. Easley, by Senior Deputy Attorney General Daniel C. Oakley and Special Deputy Attorney General Francis W. Crawley, for respondent-appellants.*

*Poyner & Spruill, L.L.P., by H. Glenn Dunn and Timothy P. Sullivan, for intervenor-respondent-appellant.*

GREENE, Judge.

The North Carolina Department of Environment, Health and Natural Resources (DEHNR), The North Carolina Environmental Management Commission (EMC), and Piedmont Triad Regional Water Authority (Water Authority) (collectively respondents) appeal from an order of the Wake County Superior Court which reversed and vacated the decision of the EMC.

Water Authority filed a petition with EMC on 18 August 1988, pursuant to N.C. Gen. Stat. §§ 162A-7 and 153A-285, to obtain a certificate allowing the exercise of eminent domain powers to acquire water from the Deep River basin and divert it to the Haw and Yadkin river basins to construct the Randleman Lake, a drinking water project. Although a member of the EMC, assigned to review the case and recommend a decision, recommended that EMC deny the certificate, after a public hearing, EMC granted the certificate pursuant to N.C. Gen. Stat. § 162A-7. The Deep River Citizens Coalition, Scott Lineberry and Guy Small (collectively petitioners) petitioned the Wake County Superior Court for judicial review of EMC's decision, pursuant to N.C. Gen. Stat. §§ 150B-43, 162A-7, and 153A-285. At the same time, petitioners filed a petition for a contested case in the Office of Administrative Hearings (OAH). DEHNR and EMC moved for the dismissal of the OAH proceeding on the grounds that OAH lacked subject matter jurisdiction and OAH denied the motion. The superior court, however, granted respondents' motion for writ of certiorari and stayed any further OAH proceedings. Water Authority intervened in the superior court proceedings with the consent of all the parties.

---

The dispositive issue is whether the superior court has subject matter jurisdiction to review an administrative decision when the "person aggrieved" has not first exhausted his right to an administrative hearing.

Our Supreme Court has recently determined that pursuant to N.C. Gen. Stat. § 150B-23(a) of the North Carolina Administrative Procedure Act (NCAPA), any "person aggrieved" by an administrative agency decision is "entitled to an administrative hearing to determine the person's rights, duties, or privileges," unless "the organic statute [under which an agency renders an aggrieving decision], amends, repeals or makes an exception to the NCAPA so as to exclude him from those expressly entitled to appeal thereunder." *Empire Power Co. v. North Carolina Dep't of E.H.N.R.*, 337 N.C. 569, 588, 447 S.E.2d 768, 779, *reh'g denied*, 338 N.C. 314, 451 S.E.2d 634 (1994). Water Authority argues that it necessarily follows that the superior court is without jurisdiction to conduct a judicial review of an agency decision sought by an aggrieved party, pursuant to N.C. Gen. Stat. § 150B-43, who has not first had the administrative hearing to which he is entitled. We agree.

The purpose of the contested case hearing is to give a party who qualifies as a "person aggrieved," in a hearing before an administrative law judge (ALJ), an "opportunity to present arguments on issues of law and policy and an opportunity to present evidence on issues of fact." N.C.G.S. § 150B-25(c) (1991). Additionally, the "aggrieved" party, at this hearing, is permitted to "cross-examine any witness, including the author of a document prepared by, on behalf of, or for use of the agency and offered in evidence." N.C.G.S. § 150B-25(d). Once the ALJ makes her recommended decision, N.C.G.S. § 150B-34(a) (1991), the party is given an "opportunity to file [with the agency who will make the final decision] exceptions to the [recommended] decision . . . and to present written arguments." N.C.G.S. § 150B-36(a) (1991). "If the agency does not adopt the [ALJ's] recommended decision as its final decision, the agency shall state in its decision or order the specific reasons why it did not adopt [it]." N.C.G.S. § 150B-36(b). Only after this final agency decision is an aggrieved party entitled to judicial review in the superior court. N.C.G.S. § 150B-43 (1991) (no judicial review until all administrative remedies are exhausted). This judicial review must be based on the "official record in the contested case," N.C.G.S. § 150B-47 (1991), which includes all the evidence presented before the ALJ. N.C.G.S. § 150B-37 (1991). Accordingly, the superior court's jurisdiction to review the agency decision does not arise until this official record is prepared. Indeed, the superior court cannot perform its function until that record is complete and any attempt to do so is premature. To hold otherwise would preclude the aggrieved person his right to

prepare a record before the ALJ and influence the decision of the agency.

In this case, it is not disputed that petitioners are "person[s] aggrieved" by EMC's certification, and that there is no language in N.C. Gen. Stat. § 162A-7 which excludes them from the provisions of the NCAPA. Thus, because the petitioners did not first have the contested case hearing to which they were entitled, the superior court was without jurisdiction to conduct a judicial review and the order of that court reversing and vacating the decision of EMC is vacated. The order of the trial court staying the proceedings before the administrative agency is reversed and remanded in order that OAH may provide the petitioners with a contested case hearing and that EMC may issue a decision based on the new record.

Because the issues presented in this case relate to the subject matter jurisdiction of the trial court, it is not relevant that the petitioners have not and do not object to the trial court's exercise of jurisdiction. Subject matter jurisdiction "cannot be conferred upon a court by consent, waiver, or estoppel." *State v. Earley*, 24 N.C. App. 387, 389, 210 S.E.2d 541, 543 (1975).

Vacated in part, reversed in part and remanded.

Judges JOHNSON and MARTIN, JOHN C., concur.