VANCE CONSTRUCTION CO. v. DUANE WHITE LAND CORP.

[120 N.C. App. 401 (1995)]

━━━━━━━━

VANCE CONSTRUCTION COMPANY, INC., Plaintiff v. DUANE WHITE LAND CORPORATION, Defendant and EATON FERRY MARINA, INC., Intervenor

No. COA94-1250

(Filed 3 October 1995)

**1. Appeal and Error § 118 (NCI4th)— denial of summary judgment—no review on appeal from trial on merits**

The denial of a motion for summary judgment is not reviewable during appeal from a final judgment rendered in a trial on the merits.

**Am Jur 2d, Appellate Review § 170.**

Reviewability of order denying motion for summary judgment. 15 ALR3d 899.

2. **Contracts § 144 (NCI4th)— counterclaim for defective construction—claim not dismissed—no error**

The trial court did not err in denying plaintiff's motion to dismiss defendant's counterclaim at the close of defendant's evidence where defendant presented evidence that the construction completed by plaintiff was defective in several respects, that defendant was damaged as a result, and that a letter signed by the parties was merely a stage in the negotiations between the parties and not a final settlement.

**Am Jur 2d, Building and Constructions Contracts § 129.**

3. **Appeal and Error § 486 (NCI4th)— trial by court without jury—competent evidence in record**

Where a trial court sitting without a jury makes findings of fact, the sufficiency of those facts to support the judgment may be raised on appeal, and the standard of review on appeal is whether there is any competent evidence in the record to support the findings. In this case, there was competent evidence to support the trial court's findings with regard to the parties' contract to repair a building, the date that last work was performed, and the amount of damages.

**Am Jur 2d, Appellate Review § 663.**

Appeal by plaintiff and defendant/intervenor from judgment entered 3 June 1994 by Judge Frank R. Brown in Warren County Superior Court. Heard in the Court of Appeals 24 August 1995.

*Zollicoffer & Long, by Nicholas Long, Jr., for plaintiff-appellant-appellee.*

*Banzet, Banzet & Thompson, by Lewis A. Thompson, III, for defendant/intervenor-appellee-appellant.*

WALKER, Judge.

On 16 February 1990, plaintiff and defendant executed a written contract whereby plaintiff agreed to construct a boat storage building on defendant's property. Plaintiff commenced construction of the building on 16 March 1990. Thereafter, the parties entered into an oral

agreement for the renovation of a sales and service building also located on defendant's property.

Construction of the boat storage building was substantially completed on 29 June 1990 as evidenced by the issuance of a temporary occupancy certificate. The sales and service building was completed on 25 May 1990 as evidenced by an occupancy certificate. In January 1991, plaintiff performed additional work on the boat storage building.

During April 1991, the parties met to negotiate the payment of monies which plaintiff contended were due for the construction work and to address certain alleged defects in the construction. On 29 April 1991, plaintiff and defendant signed a letter to their attorneys outlining the results of the negotiations. The purpose and effect of this letter is disputed by the parties.

On 17 May 1991, plaintiff filed a notice of claim of lien pursuant to N.C. Gen. Stat. § 44A-12. On 18 July 1991, plaintiff brought suit to enforce its lien. Defendant counterclaimed for damages due to alleged defects in the construction of the buildings. In January 1992 defendant conveyed the property to its parent corporation, Eaton Ferry Marina, Inc., which intervened seeking damages for plaintiff's alleged defective construction.

Plaintiff subsequently filed a motion for summary judgment on all claims. The trial court entered an order finding no genuine issue of material fact as to the existence and terms of the written contract for construction of the boat storage building and defendant's breach of that contract by its failure to pay the sum due. The court found that a genuine issue did exist regarding the terms of the oral agreement for renovation of the sales and storage building and denied plaintiff's summary judgment motion as to claims stemming from the oral agreement.

On 5 January 1993, plaintiff amended its complaint to allege that in the 29 April 1991 letter, defendant agreed to pay plaintiff the amount of $71,943.00 plus interest and that defendant breached the agreement. Plaintiff then moved for summary judgment on this claim, which motion was denied.

After a bench trial, the court entered judgment and concluded that (1) the total sum due plaintiff under the written contract was $41,863.67; (2) defendant/intervenor was entitled to receive $12,238.00 from plaintiff for defects in construction; (3) the reason-

able cost of renovating the sales and service building was $40,000.00, with a balance of $15,839.05 owed to plaintiff; and (4) plaintiff had a valid lien on the property in the amount of the judgment against defendant/intervenor. The court ordered the sale of defendant/intervenor's property to satisfy the judgment.

[1] In its first assignment of error plaintiff argues that the trial court erred by denying plaintiff's motion for summary judgment on its claim that defendant breached the "agreement" contained in the 29 April 1991 letter. However, in *Harris v. Walden*, 314 N.C. 284, 333 S.E.2d 254 (1985), our Supreme Court held that the denial of a motion for summary judgment is not reviewable during appeal from a final judgment rendered in a trial on the merits. *Id.* at 286, 333 S.E.2d at 256. We therefore decline to address this assignment of error.

[2] Plaintiff next assigns as error the trial court's denial of plaintiff's motion to dismiss defendant's counterclaim at the close of defendant's evidence. Plaintiff argues that the 29 April 1991 "letter agreement" settled all claims between the parties and the court was therefore required to dismiss defendant's claim for damages due to defective construction.

The question raised by plaintiff's motion to dismiss is whether defendant's evidence, taken as true, supported findings of fact upon which the trial court as factfinder could have properly based a judgment for defendant. *Woodlief v. Johnson*, 75 N.C. App. 49, 53, 330 S.E.2d 265, 268 (1985). If so, the court was required to deny plaintiff's motion. *Neasham v. Day*, 34 N.C. App. 53, 55, 237 S.E.2d 287, 289 (1977). Defendant presented evidence that the construction completed by plaintiff was defective in several respects and that defendant was damaged as a result. Defendant also presented evidence that the 29 April 1991 letter was merely a stage in the negotiations between the parties and not a final settlement of all claims. This evidence, taken as true, supported a finding and conclusion that defendant was entitled to judgment on its counterclaim. Thus, the trial court did not err in denying plaintiff's motion to dismiss.

[3] We now turn to defendant/intervenor's assignments of error challenging various findings and conclusions contained in the trial court's final judgment. Defendant/intervenor claims the court erred (1) "in finding as fact that the parties' contract for the repair of the sales [and] service center was to be for time and materials, that the value of the plaintiff's time and materials was $40,000.00 and concluding as a matter of law that $15,839.05 is due the plaintiff for work done on

the sales [and] service building;" (2) "in finding as fact that the last work performed by the plaintiff on the boat storage building was on January 18, 1992, and concluding as a matter of law that this work provided a basis for the lien filed by the plaintiff;" and (3) "in finding as fact that the defendant was damaged in the amount of $12,238.00 as a result of the boat storage building and concluding as a matter of law that the reasonable cost of repairing and correcting the defects is $12,238.00."

Where a trial court sitting without a jury makes findings of fact, the sufficiency of those facts to support the judgment may be raised on appeal. *Little v. Little*, 9 N.C. App. 361, 365, 176 S.E.2d 521, 523 (1970). "The standard by which [the Court of Appeals] review[s] the findings is whether any competent evidence exists in the record to support them." *Hollerbach v. Hollerbach*, 90 N.C. App. 384, 387, 368 S.E.2d 413, 415 (1988). We have carefully reviewed the evidence in the record and the arguments of the parties, and we conclude that the challenged findings and conclusions are supported by competent evidence. We find no error in the trial court's judgment.

Affirmed.

Judges COZORT and McGEE concur.