VANCE CONSTRUCTION COMPANY, INC., Plaintiff v. DUANE WHITE LAND CORPORATION, Defendant and EATON FERRY MARINA, INC., Intervenor

No. COA96-1504

(Filed 7 October 1997)

**Judges, Justices, and Magistrates § 6 (NCI4th)— Rule 60 motion for relief—judge in different county and district— no commission—no jurisdiction**

A superior court judge lacked jurisdiction to grant plaintiff's Rule 60 motion for relief from a judgment rendered in Warren County Superior Court arising from the construction of a boat storage facility where the Rule 60 motion was heard in Edgecombe County Superior Court and the judge held no commission from the Chief Justice or other authorization to hold a session of superior court in Warren County or District 9 during the week the motion was heard. Although the parties consented to having the motion heard in Edgecombe County, subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel and the ordered entered is void.

Appeal by defendant and intervenor from order entered 25 October 1996 by Judge Frank R. Brown in Edgecombe County Superior Court. Heard in the Court of Appeals 27 August 1997.

*Banzet, Banzet & Thompson, by Lewis A. Thompson, III, for defendant/intervenor appellant.*

*Zollicoffer & Long, by Nicholas Long, Jr., for plaintiff appellee.*

SMITH, Judge.

In February of 1990, Vance Construction Company, Inc. ("plaintiff"), agreed to build a boat storage facility for Duane White Land Corporation, predecessor to Eaton Ferry Marina, Inc. (collectively "defendant"). Plaintiff subsequently filed this action in Warren County Superior Court seeking to recover the balance due from defendant for the construction of the boat storage facility. Defendant counterclaimed for damages as a result of defects in the facility's construction. On 3 June 1994, the trial court, with Judge Frank R. Brown presiding, entered judgment awarding plaintiff $41,863.67 with interest for the construction of the facility and $15,839.05 with interest for repairs to the sales and service center building, and

also awarding defendant $12,238.00 with interest for defects in the facility's construction.

Prior to the entry of judgment, defendant contacted Varco-Pruden Buildings, Inc. ("Varco-Pruden"). Varco-Pruden, a division of United Dominion Industries, Inc. ("United Dominion"), was a subcontractor for plaintiff and had supplied the metal building components plaintiff used in the construction of the facility for defendant. On 19 April 1994, defendant and Varco-Pruden entered into a settlement agreement providing that Varco-Pruden would pay defendant $13,900.00 for "problems [that] arose with the materials that were used in the construction of the storage facility . . . ." On or about 19 May 1995, United Dominion paid defendant $13,400.00 as payment in full for all claims by defendant against United Dominion and Varco-Pruden arising out of the defects in the materials used in the facility's construction.

The trial court's June 1994 judgment was later affirmed by this Court in *Vance Construction Co. v. Duane White Land Corp.*, 120 N.C. App. 401, 462 S.E.2d 814 (1995). On 8 November 1995, plaintiff and defendant entered into a consent order allowing payment which authorized the release to plaintiff of $62,574.40 plus $100.48 in court costs, such funds being held by the Warren County Clerk of Court as a cash bond paid by defendant. Plaintiff subsequently filed a motion for relief from judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(5) (1990), alleging it was entitled to a credit against the amount awarded to defendant on its counterclaim as a result of United Dominion's payment of $13,400.00 to defendant for the defective building materials. Plaintiff's motion was heard after notice and by consent at the 23 September 1996 term of Edgecombe County Superior Court, Judge Frank R. Brown presiding. Judge Brown granted plaintiff's motion for relief on 25 October 1996.

On appeal, defendant contends the trial court erred by granting plaintiff's motion for relief. However, we do not reach this issue, since Judge Brown did not have jurisdiction to hear or grant plaintiff's motion, and his 25 October 1996 order is therefore vacated.

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." N.C. Gen. Stat. § 1A-1, Rule 12(h)(3) (1990). An objection to subject matter jurisdiction may be made at any time during the course of the action. *Turner v. Hatchett*, 104 N.C. App. 487, 488, 409 S.E.2d 747, 748 (1991) (citations omitted).

VANCE CONSTRUCTION CO. v. DUANE WHITE LAND CORP.

[127 N.C. App. 493 (1997)]

N.C. Const. Art. IV, § 11 provides that "[t]he Chief Justice of the Supreme Court, acting in accordance with rules of the Supreme Court, shall make assignments of Judges of the Superior Court and may transfer District Judges from one district to another for temporary or specialized duty." We take judicial notice of the fact that the Chief Justice of the North Carolina Supreme Court by order assigns resident or regular judges of the superior courts to various counties or judicial districts as they appear on the master calendar or by a separate commission. According to N.C. Gen Stat. § 7A-47 (1995),

> [a] regular superior court judge, duly assigned to hold the courts of a county, or holding such courts by exchange, shall have the same powers in the district or set of districts as defined in G.S. 7A-41.1(a) in which that county is located, in open court and in chambers as the resident judge or any judge regularly assigned to hold the courts of the district or set of districts as defined in G.S. 7A-41.1(a) has . . . .

In addition, "[i]n any case in which the superior court in vacation has jurisdiction, and all the parties unite in the proceedings, they may apply for relief to the superior court in vacation, or during a session of court, at their election." N.C. Gen. Stat. § 7A-47.1 (1995). However, the jurisdiction of a superior court judge is ordinarily limited to the district to which he is assigned or resides. *Baker v. Varser*, 239 N.C. 180, 188, 79 S.E.2d 757, 763 (1954).

" '[W]e note *ex mero motu* that we may take judicial notice of the assignments of trial judges to hold court, of the counties that make up a certain district and of the resident district of a superior court judge.' " *Turner*, 104 N.C. App. at 489, 409 S.E.2d at 748 (quoting *State v. Saults*, 299 N.C. 319, 324, 261 S.E.2d 839, 842 (1980)). We therefore take judicial notice of the following: During September of 1996, Judge Brown was assigned to District 7BC, which included Edgecombe County. At that time he was not assigned to hold any session of superior court in Warren County, located in District 9. The instant case had not been designated as exceptional with Judge Brown assigned to hear the same pursuant to Rule 2.1 of the General Rules of Practice for the Superior and District Courts. Because Judge Brown had no commission from the Chief Justice or other authorization to hold a session of superior court in Warren County or District 9 during the week plaintiff's motion was heard, the order entered is void. *See Baker*, 239 N.C. at 185, 79 S.E.2d at 761. It is irrelevant that the parties consented to the motion being heard in Edgecombe County, as

subject matter jurisdiction " 'cannot be conferred upon a court by consent, waiver, or estoppel.' " *Deep River Citizens Coalition v. N.C. Dept. of E.H.N.R.*, 119 N.C. App. 232, 235, 457 S.E.2d 772, 774 (1995) (quoting *State v. Earley*, 24 N.C. App. 387, 389, 210 S.E.2d 541, 543 (1975)).

For the above reasons, the order granting plaintiff's motion for relief pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(5) is vacated and the case is remanded to the Warren County Superior Court. In the event of a rehearing, we recommend the trial court make additional findings regarding plaintiff's knowledge, if any, of United Dominion's payment to defendant at the time it entered the consent order with defendant.

Vacated and remanded.

Judges LEWIS and JOHN concur.