***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties. Defendant has shown good grounds to reconsider the evidence. Having reviewed the competent evidence of record, the Full Commission modifies the Decision and Order of Deputy Commissioner Gillen.
 *********** STIPULATED EXHIBITS
The pretrial agreement, marked as stipulated Exhibit 1.
 ***********
The following were entered into evidence as:
 EXHIBITS *Page 2 a. North Carolina Department of Correction Division of Prisons "Policy and Procedure" section .1200, marked as Plaintiff's Exhibit 1.
 b. North Carolina Department of Correction Division of Prisons "Policy and Procedure" section .1300, marked as Plaintiff's Exhibit 2.
 c. North Carolina Department of Correction Division of Prisons Maury Correctional Institution Standard Operating Procedures section .5110 marked as Plaintiff's Exhibit 3.
 d. A Maury Correctional Institution Incident Report dated March 28, 2008, marked as Plaintiff's Exhibit 4.
 e. A Maury Correctional Institution Offense and Disciplinary Report dated May 7, 2008, marked as Plaintiff's Exhibit 5.
 f. A North Carolina Department of Correction Investigating Officer's Report dated May 1, 2008, marked as Plaintiff's Exhibit 6.
 g. Daily Report of Segregated Inmate, marked as Plaintiff's Exhibit 7.
 h. The Disciplinary History of Kentrell T. McIntyre, marked as Plaintiff's Exhibit 8.
 i. A group of Plaintiff's medical records, marked as Plaintiff's Exhibit 9.
 j. A group of Plaintiff's medical records, marked as Plaintiff's Exhibit 10.
 k. North Carolina Department of Correction Division of Prisons "Policy and Procedure" section .1300, marked as Defendant's Exhibit 1.
 l. A North Carolina Department of Correction Incident Report dated March 28, 2008, marked as Defendant's Exhibit 2.
 m. Plaintiff's incarceration records, marked as Defendant's Exhibit 3. *Page 3 
 ***********
Based upon all the competent evidence from the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On March 28, 2008, Plaintiff, an inmate in the custody of Defendant at Maury Correctional Institution, was attacked by another inmate, Kentrell McIntyre. At the time of the attack, Plaintiff was working as a janitor in the intensive control (ICON) area of the prison located in "B Block". The attack took place while Plaintiff was in a supply closet where the mop equipment was stored. Inmate McIntyre was housed in the ICON area. Plaintiff was not housed in the ICON area.
2. Following Plaintiff's assault, Plaintiff was taken to the Pitt County Memorial Hospital. The medical records from this visit and from Plaintiff's subsequent care demonstrates that Plaintiff received treatment for a thumb fracture, nasal fracture, and other injuries sustained in the March 28, 2008 assault.
3. The purpose of the ICON unit is to house and control offenders whose behavior has proven to be repeatedly disruptive to the operations of the facility, non-compliant with instructions and orders, or as a transition following assignment to maximum control status.
4. Plaintiff started working for Defendant as "hallway man" earning $0.40 per day. Plaintiff eventually began working as a janitor in the segregated unit in order to receive a pay increase to $1.00 per day. Prior to starting his employment as a janitor with Defendant, Plaintiff was advised by the sergeant to "stay away from doors because you can get fired . . ." Inmates that are housed at Maury Correctional Institute are not required to work.
5. On September 13, 2010, Defendant filed a Motion for Summary Judgment *Page 4 
pursuant to N.C. Gen. Stat. § 1A-1, Rule 56(c), alleging that Plaintiff's exclusive remedy for this claim falls under the North Carolina Workers' Compensation Act. The Deputy Commissioner denied Defendant's motion at the hearing before the Deputy Commissioner until all the facts had been presented. The Deputy Commissioner did not further address Defendant's Motion for Summary Judgment in the December 7, 2010 Decision and Order.
6. The Full Commission finds based upon the greater weight of the evidence that Plaintiff's injury arose out of and in the course and scope of his employment as a janitor with Defendant.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the North Carolina Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties." Bolkhir v.N.C. State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In order to prevail in a claim filed pursuant to this Act, a Plaintiff must allege and prove "that there was negligence on the part of an officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority that was the proximate cause of the injury and that there was no contributory negligence" on the part of the Plaintiff. N.C. Gen. Stat. § 143-291(a). *Page 5 
4. "[T]he exclusive source of remedy for a prisoner injured while working is through the Workers' Compensation Act." Richardson v.N.C. Dep't of Correction,345 N.C. 128, 137, 478 S.E.2d 501, 507 (1996). So long as a Plaintiff has sustained accidental injury "arising out of and in the course of the employment" to which the inmate was assigned, such injury is compensable under the Workers' Compensation Act. N.C. Gen. Stat. § 97-13(c); see also Roman v. Southland Transp.Co., 350 N.C. 549, 551-52, 515 S.E.2d 214, 216 (1999).
5. The North Carolina Workers' Compensation Act specifically provides the following jurisdictional exception:
 Whenever any prisoner assigned to the State Department of Correction shall suffer accidental injury or accidental death arising out of and in the course of the employment to which he had been assigned, if there be death or if the results of such injury continue until after the date of the lawful discharge of such prisoner to such an extent as to amount to a disability as defined in this Article, then such discharged prisoner or the dependents or next of kin of such discharged prisoner may have the benefit of this Article by applying to the Industrial Commission as any other employee; provided, such application is made within 12 months from the date of the discharge; and provided further that the maximum compensation to any prisoner or to the dependents or next of kin of any deceased prisoner shall not exceed thirty dollars ($30.00) per week and the period of compensation shall relate to the date of his discharge rather than the date of the accident.
N.C. Gen. Stat. § 97-13(c).
6. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." N.C.R. Civ. P. 12(h)(3). Thus, "[a]n objection to subject matter jurisdiction may be made at any time during the course of the action." Vance Construction Co. v. DuaneWhite Land Corp.,127 N.C.App. 493, 494, 490 S.E.2d 588, 589 (1997). *Page 6 
7. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c).
8. Evidence presented by the parties when making a determination for summary judgment is viewed in the light most favorable to the non-movant party. Summer v. Barker,357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003).
9. Plaintiff's alleged injuries clearly "ar[ose] out of and in the course of" his employment as a janitor with Defendant, and that he is therefore barred from recovery under the Tort Claims Act. SeeRichardson, 345 N.C. at 137, 478 S.E.2d at 507.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed to Plaintiff, who was permitted to proceed in forma pauperis.
Defendant shall bear its own costs.
This the 17th day of June, 2011.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING: *Page 7 
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1