An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-19

Filed 20 May 2026

Richmond County, No. 24CVS000748-760

IN THE MATTER OF

THE RICHMOND COUNTY JAIL FACILITIES

Appeal by respondents from order entered 11 September 2024 by Judge Stephan R. Futrell in Richmond County Superior Court. Heard in the Court of Appeals 12 August 2025.

> *McGuirewoods LLP, by Henry L. Kitchin, Jr., Jonathan Y. Ellis, and Armina A. Manning, and Van Camp, Meacham & Newman, PLLC, by Michael J. Newman, for respondents-appellants.*

> *N.C. Prisoner Legal Services, Inc., by Elizabeth Hopkins Thomas, Lee Matthew Pollack, and Cheryl A. Sullivan, for the Superior Court of Richmond County.*

GORE, Judge.

Respondents Richmond County, Jeff Smart, Justin Dawkins, Rick Watkins, Andy Grooms, Toni Maples, Jason Gainey, Robin Roberts, and Bryan Land, seek interlocutory appeal of an order appointing the Honorable G. Bryan Collins, Resident Superior Court Judge, to preside over the matter. Upon review of the motion to dismiss, the petition for writ of certiorari or writ of prohibition, and the record, we

deny the motion to dismiss the interlocutory appeal, we deny the petitions as moot, and we vacate and remand.

Respondents seek appeal of the order entered 11 September 2024 in which the Honorable Stephan R. Futrell, the Senior Resident Superior Court Judge of Richmond County, Judicial District 21, assigned the present case involving the Richmond County Jail Facilities to the Honorable G. Bryan Collins, Resident Superior Court Judge of the 10th Judicial District, to preside over all matters involved in the case. Within the order, Judge Futrell found that Judge Collins was assigned for six months to hear matters in the 21st Judicial District pursuant to the Chief Justice's 2025 Master Calendar.

Briefly, this case arises from the sua sponte and ex parte order entered by Judge Futrell initiating the Richmond County Grand Jury's inspection of the Richmond County Jail pursuant to N.C.G.S. § 15A-628(a)(5). The trial court cited its inherent authority pursuant to *In re Alamance Cnty. Ct. Facilities*, 329 N.C. 84 (1991), and *Ragan v. Cnty. of Alamance*, 330 N.C. 110 (1991), to require adequate facilities from the county commissioners. The grand jury inspected the jail and submitted its findings to the court.

The trial court also appointed counsel from the North Carolina Prison Legal Services to represent the court, investigate, and present evidence of the Richmond County Jail's facilities. The trial court stated it would conduct hearings "to determine whether the Richmond County Commissioners and County Manager have acted

capriciously or arbitrarily, in bad faith or in disregard of the law, and whether th[e] [c]ourt should compel action in good faith in accord with the law, in connection with the provision of adequate local confinement facilities." The trial court instructed service of the Order and attachments upon the county commissioners, the county manager, and Richmond County.

Upon service of the Order and attachments, counsel for respondents entered a notice of appearance. On 11 September 2024, Judge Futrell entered another order stating, "the appointment of an appropriate superior court judge to preside over all proceedings [was] reasonably necessary for proper administration of justice." Accordingly, Judge Futrell appointed and assigned the case to Judge Collins, after stating Judge Collins was assigned to the 21st Judicial District in the 2025 Master Calendar.

On 19 September 2024, respondents moved to designate as exceptional case pursuant to Rule 2.1(a) of the General Rules of Practice for the Superior and District Courts and simultaneously moved to disqualify and recuse Judge Futrell. On 25 September 2024, respondents noticed appeal of the 11 September 2024 Order.

Respondents seek interlocutory appeal arguing it affects a substantial right or alternatively, they petition for writ of certiorari or writ of prohibition. Respondents state the issue is "whether a trial court possesses inherent authority to permanently and sua sponte appoint a judge from anywhere in the State to preside over any and all proceedings in a matter before it." As all parties recognize, there is generally no

right of immediate appeal from interlocutory orders apart from a Rule 54(b) certification, or when the order affects a substantial right that will be lost if not immediately reviewed. *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 141 (2000).

Respondents argue the appeal implicates a substantial right. Specifically, they argue Judge Collins lacks authority to preside over this matter, and secondly, waiting to decide this case "would foreclose all meaningful judicial review of the question." They also state that this matter could take several years before a final order is entered, and by then "Richmond County will have endured the full effect of the injuries caused by being forced to litigate a proceeding presided over by a judicial officer who lacks legal authority to preside over the matter."

The trial court found that Judge Collins was assigned to the 21st Judicial District in 2025. *See generally, Vance Constr. Co. v. Duane White Land Corp.*, 127 N.C. App. 493, 495 (1997) (cleaned up) ("We take judicial notice of the fact that the Chief Justice by order assigns resident or regular judges of the superior courts to various counties or judicial districts as they appear on the master calendar."). *But see id.* ("Because Judge Brown had no commission from the Chief Justice or other authorization to hold a session of superior court in Warren County or District 9 during the week plaintiff's motion was heard, the order entered is void."). Because there are explicit statutory directives for assigning superior court judges to other districts, we determine this case affects a substantial right and grant interlocutory appeal.

Respondents argue only the Chief Justice has statutory authority to assign a

superior court judge to reside in a particular court and hear the entirety of a particular case. We agree.

The North Carolina Constitution granted authority to the Chief Justice to assign superior court judges to various districts. N.C. Const. art. IV, § 11; *see* N.C.G.S. § 7A-47.3 (2024). The authority and jurisdiction of superior court judges is limited to the assigned district or place the judge ordinarily resides. *Vance Const. Co.*, 127 N.C. App. at 495. A superior court judge has limited authority to refer a motion to another resident superior court judge who regularly holds court in the district or set of districts, and the designated judge has authority for that motion, but we are unaware of any statutory authority for a superior court judge to designate a judge to specially preside over the entirety of a case. N.C.G.S. § 7A-49.1 (2024). When a case is considered "exceptional," the Chief Justice may assign a specific superior court judge to hear the entire case. N.C. Super. Ct. Dist. Ct. R. 2.1. While the superior court judges may recommend a case be designated exceptional to the Chief Justice, it is the Chief Justice who holds the authority to ultimately make the assignment over a specific case. *Id.*

In the present case, Judge Futrell's order exercised authority beyond his jurisdiction. *See State v. Brice*, 370 N.C. 244, 251 (2017) (cleaned up) ("Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess

of its jurisdiction."). Although Judge Collins was assigned to the Richmond County district for a portion of 2025, the order was entered in 2024 and assigned Judge Collins to preside over the entirety of the case. Because this contravenes the explicit statutory mandate for who may assign superior court judges to a district and contravenes Rule 2.1 by which the superior courts are bound, we must vacate and remand.

Upon remand, Judge Futrell may proceed under Rule 2.1 and request the Chief Justice designate the present case as exceptional. Judge Futrell may provide recommendations of judges along with reasons for such recommendations pursuant to Rule 2.1. But it is only within the Chief Justice's authority to assign a certain superior court judge to preside over the entirety of the case.

For the foregoing reasons, we deny the motion to dismiss the interlocutory appeal, and upon review we vacate and remand. We deny the petitions for writ of certiorari and writ of prohibition as moot.

VACATE AND REMAND.

Judges GRIFFIN and STADING concur.

Report per Rule 30(e).